IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CRIMINAL CASE NO.: 3:97CR7-V

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | **O R D E R** |
| ) | |
| RAYMOND BERNARD TEMPLETON, ) | |
| Defendant. ) | |
| _____) | |

**THIS MATTER** is before the Court on Defendant's "Motion to Modify Term of Imprisonment Pursuant to 18 U.S.C. 3582." (Documents ##249, 250)

Defendant's motion requests that the Court exercise its discretion and consider application of Amendment 505 to the United States Sentencing Guidelines to the instant case.[1] However, a review of the Defendant's Presentence Investigation Report reveals 1) that the 1995 edition of the U.S. Sentencing Guidelines (including 1997 Amendments) was considered in calculating the guidelines sentence; and 2) that Defendant's guidelines sentence calculation, in fact, began at base offense level 38, triggered by drug quantity

---

[1] The reason for Amendment 505, *effective November 1, 1994*, is explained by the Sentencing Commission as follows:

> "This amendment sets the upper limit of the Drug Quantity Table in 2D1.1 at level 38. The Commission has determined that the extension of the Drug Quantity Table above level 38 for quantity itself is not required to ensure adequate punishment given that organizers, leaders, managers, and supervisors of such offenses will receive a 4-, 3-, or 2- level enhancement for their role in the offense, and any participant will receive an additional 2-level enhancement if a dangerous weapon is possessed in the offense. The Commission has not, however, foreclosed the possibility of an upward departure above offense level 38 on the basis of drug quantity in an extraordinary case. . ."

U.S.S.G., Appx. C, Vol. I (2003).

under U.S.S.G. §2D1.1. (*See* PSR, ¶16) Further, although guideline adjustments based upon both role in the offense and possession of a weapon were applied, application of both of these adjustments is entirely consistent with Amendment 505.

**IT IS, THEREFORE, ORDERED** that Defendant's "Motion to Modify Term of Imprisonment Pursuant to 18 U.S.C. §3582" is **DENIED**.

Signed: May 3, 2007

Richard L. Voorhees
United States District Judge